UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER ROBERSON,

    Plaintiff,

v.                                         CASE NO. 8:17-cv-1380-T-23MAP

PINELLAS COUNTY SHERIFF'S OFFICE,
  *et al.*,

    Defendants.
_____/

## **O R D E R**

Roberson's complaint alleges that the defendants violated his civil rights when members of the Pinellas County Sheriff's Office both questioned him about a murder and arrested him for driving with a suspended or revoked drivers license. An earlier order (Doc. 8) grants Roberson leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

Roberson alleges that he was questioned by Pinellas County Sheriff's Detective Miller about a murder "that I had zero knowledge of" and, allegedly because of his lack of cooperation, Detective Miller arrested Roberson for driving while his license was suspended or revoked. (Doc. 1 at 6)[1] Roberson alleges that state prosecutors, law enforcement officers, and law enforcement organizations violated his rights, although the basis for a civil rights violation remains unclear. Roberson alleges that he suffered a "mental breakdown" but identifies no physical injury. Roberson requests "$300 million dollars for punitive damages, mental anguish, pain and suffering, loss of property, marriage separation, mental and psychological issues, and violating my constitutional rights." (Doc. 1 at 7 and 9) Roberson fails to state a claim that he can pursue in a civil rights action.

**Governmental Entities:**

Roberson sues "Pinellas County Jail House," "Pinellas County Court House," and "Pinellas County Sheriff's Office." First, neither the "jail house" nor the courthouse nor the "Sheriff's Office" is an entity susceptible to suit. *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013),[2] explains:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities

---

[1] According to the website for the Florida Department of Corrections, Roberson is serving life imprisonment under a murder conviction imposed after the alleged incident with Detective Miller.

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

**Prosecutors:**

Roberson sues State Attorney Bernie McCabe and Assistant State Attorneys Michael Marr and Mark McGarry. Although certainly unclear, Roberson's allegations against the prosecutors appear based on each acting in the capacity of a prosecutor. Prosecutorial immunity precludes Roberson's recovering either compensatory or punitive damages, which relief Roberson requests. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State . . . .'") (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). *See also Van de Kamp v. Goldstein*, 555 U.S. 335, 340–43 (2009), and *Hart v. Hodges*, 587 F.3d 1288, 1294–96 (11th Cir. 2009), *cert. denied*, 560 U.S. 953 (2010), for a thorough review of the breadth of prosecutorial immunity. As a consequence, Roberson cannot pursue a claim for damages against the prosecutors.

**Law Enforcement:**

Roberson sues Detectives Kenneth Miller and Richard Anderson. Roberson asserts no act committed by Detective Anderson. Roberson asserts no act committed by Detective Miller other than questioning and arresting him, neither of which supports the denial of a civil right. Additionally, Roberson gains no benefit by liberally construing the civil rights complaint to allege that Roberson was denied a constitutional right during the state criminal proceedings because that claim would challenge the validity of the criminal conviction. Under *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973), if a state prisoner challenges the fact or duration of confinement, a writ of habeas corpus is the exclusive federal remedy, and *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), precludes Roberson from challenging the validity of either the conviction or the sentence (including a fine or penalty) by a civil rights action instead of an application for the writ of habeas corpus.

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* requires dismissal of a civil rights complaint if a ruling in the plaintiff's favor questions either (1) the validity of the conviction or sentence or (2) the fact or duration of confinement. Roberson has no Section 1983 claim unless he prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489–90.

**Damages:**

Roberson requests "$300 million dollars for punitive damages, mental anguish, pain and suffering, loss of property, marriage separation, mental and psychological issues, and violating my constitutional rights." (Doc. 1 at 7 and 9) But without an actual physical injury, Roberson cannot recover damages because an actual physical injury is required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(e), which states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."

As a consequence, Roberson fails to state a claim upon which relief can be granted. Amendment of the action would prove futile because Roberson can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment

would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

Accordingly, the civil rights complaint is **DISMISSED**. Any pending motion is **DENIED AS MOOT**. The clerk must close this case.

ORDERED in Tampa, Florida, on April 19, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE